IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ANTWAN BERRY, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:22-cv-3118

**THE SHERWIN-WILLIAMS COMPANY**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Antwan Berry ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant The Sherwin-Williams Company ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated sufficient wages under the FLSA and the IMWL within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Cook County.

10. Defendant is a foreign, for-profit corporation.

11. Defendant's registered agent for service of process is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## IV. FACTUAL ALLEGATIONS

12. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles, fuel, supplies and equipment.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

14. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

15. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

16. Specifically, Defendant employed Plaintiff as an hourly-paid employee from February of 2018 until April of 2022.

17. Defendant also employed other hourly-paid employees (hereinafter, "Hourly Employees") within the three years preceding the filing of this lawsuit.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19. At all relevant times herein, Defendant directly hired Plaintiff and other Hourly Employees to work on its behalf, controlled their work schedules, duties,

protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Plaintiff was required to take two breaks per day, with each break lasting approximately fifteen minutes.

21. Plaintiff was required to clock out for each break.

22. Other Hourly Employees were also required to take breaks lasting approximately fifteen minutes and were required to clock out for those breaks.

23. 29 C.F.R. § 785.18 states, "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They . . . are customarily paid for as working time. They must be counted as hours worked."

24. Defendant did not pay Plaintiff and other Hourly Employees for their "rest periods of short duration" and therefore did not pay Plaintiff and other Hourly Employees for all hours worked.

25. Plaintiff regularly or occasionally worked over 40 hours in a week.

26. Upon information and belief, other Hourly Employees regularly or occasionally worked hours over 40 in a week.

27. Because Defendant failed to pay Plaintiff and other Hourly Employees for all hours worked, in weeks in which Plaintiff and other Hourly Employees worked over 40 hours, Defendant failed to pay Plaintiff and other Hourly Employees a sufficient overtime premium.

28. Upon information and belief, Plaintiff incurred damages during most weeks that he worked for Defendant including, without limitation, the weeks of February 7, 2022; February 14, 2022; and February 22, 2022.

29. Plaintiff and other Hourly Employees tracked their time via Defendant's electronic time keeping system.

30. Defendant knew or should have known that Plaintiff and other Hourly Employees regularly or occasionally worked hours over 40 each week.

31. At all relevant times herein, Defendant has deprived Plaintiff and other Hourly Employees of sufficient wages for all hours worked.

32. Defendant knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL and the IWPCA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime wages for all hours worked over 40 each week;

   B. Liquidated damages; and

   C. Attorneys' fees and costs.

34. Plaintiff proposes the following collective under the FLSA:

**All Hourly Employees within the past three years.**

35. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

36. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

37. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid an hourly wage;

B. They were required to take short (5 to 20 minute) breaks;

C. They were not paid for the time spent on the short breaks;

D. They worked over 40 hours in at least one week during which they also took an uncompensated short break; and

E. They were employed by Defendant within the past three years.

38. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds 100 persons.

39. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

40. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

41. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant has been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

46. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

47. Despite the entitlement of Plaintiff to overtime wages under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular hourly rate for all hours worked over 40 each week.

48. Defendant knew or should have known that its actions violated the FLSA.

49. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

51. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the IMWL)

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

54. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

55. IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

56. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

57. Defendant failed to pay Plaintiff a sufficient hourly wage for all hours worked in a week as required by the IMWL.

58. Defendant failed to pay Plaintiff 1.5x his regular hourly rate for all hours worked over 40 each week.

59. Defendant knew or should have known that its actions violated the IMWL.

60. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which

such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

63. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IWPCA, 820 ILCS 115/1, *et seq.*

64. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

65. At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the IWPCA.

66. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

67. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

68. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but

in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

69. Defendant did not pay Plaintiff all wages and final compensation due.

70. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

71. Defendant knew or should have known that its actions violated the IWPCA.

72. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

### IX. FOURTH CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

73. Plaintiff brings this action on behalf of himself and all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid wages for all the hours worked.

74. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

75. Defendant classified Plaintiff and similarly situated employees as nonexempt from the requirements of the FLSA.

Page 10 of 12
Antwan Berry, et al. v. The Sherwin-Williams Company
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3118
Original Complaint—Collective Action

76. Defendant failed to pay Plaintiff and other similarly situated employees 1.5x their regular hourly rate for all hours worked over 40 each week.

77. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Antwan Berry, individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and others similarly situated, and all monies paid to them;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

C. Judgment for damages for all unpaid wages owed to Plaintiff and others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

E.  An order directing Defendants to pay Plaintiff and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ANTWAN BERRY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com